Thank you, your honors. Michael Mayer for the petitioner. I'd like to reserve two minutes of my time. There are three primary reasons why this petition for review should be granted. The first is the important limitation in Aguilamontes, which I mostly want to talk about, and I'll get back to in just a minute. The second reason is that the record shows that the defendant was charged with such counts as 288A of the California Penal Code, which are categorically crimes of sexual abuse of a minor, lewd conduct against a child under the age of 14. Yet the prosecutor elected to forego those charges and allow the defendant to plead to a lesser offense where age is not an element of defense. This is forbidden both by Taylor and foreclosed by the Ninth Circuit case of Hernandez-Cruz. The third reason is that it's unclear whether the defendant actually admitted the age of the victim because the plea colloquy was very sloppy. Just briefly I want to point out in the administrative record the plea colloquy, which is at page ‑‑ directing your attention to page 559 of the certified record. At the bottom of the page, after the court indicated that the last count would be amended from 243.4D1, to 243.4A, the court says, Mr. Sanchez, do you understand what your attorney said? You're pleading guilty to sexual battery. The defendant, yes. Nowhere did the court read the information to the defendant. Nowhere is there a mention. If he had had the defendant read the information out loud and then ask him, are you pleading guilty to this? That wouldn't have been much preferable. Okay. It wouldn't have been preferable. Is there any question here about who the victim was, though? This is a Jane Doe information. And so the State has been good enough, because we suspect that the little girl's name was not Jane Doe, to identify her by her date of birth. So there could be no question as to Mr. Sanchez-Avalos. Well, there is a question whether the victim was. Yes. But there's no question. But there is a question, a very clear question, whether Mr. Sanchez-Avalos, the defendant, knew that 243.4A, after it was amended, had language about the age of the victim. In fact. Could you explain that point? Because that is also set out in the briefs about the ambiguity of the amendment, I think is your point there. Right. What is it, in your view, that makes it ambiguous? It makes it ambiguous because, first of all, the defendant did not say that he pled guilty as charged in the information. And in this case, there was a different charge originally. Just like in Vidal, there was a different charge. It was 243.4D1. And then it was amended to 243.4A at the time of the plea colloquy. And so that's number one. But all that really did was just change it from a misdemeanor to a felony. Well, that's actually that's incorrect. That's what the judge says. But actually, I just looked up 243.4D1 before coming here, and that actually is a felony also. It's a felony also, and there's different language in D1 than in 243.4A. D1 talks about masturbation. It talks about an institutionalized victim. So there's different language, and there's no showing. H doesn't show up in either one of those provisions, does it? No, it doesn't. And then finally, to top it off, there's the judge says, do you concur and stipulate there's a factual basis? That's at the bottom of 560. And the defense attorney says, I do. Instead of asking the defendant what the factual basis is or asking for a proffer of the factual basis, the court says, do you concur, join, and stipulate there's a factual basis? That's at line 22 on page 560. So it's a very sloppy. Is there any reason that I agree that it does look a little sloppy? It certainly could have been easier for our benefit. Right. Since he's pleading, since everybody seemed to know that he was pleading no contest as opposed to pleading guilty, does that change anything? No, that doesn't change anything. So basically, he's pleading guilty to capital A. Is that correct? So he's pleading guilty to capital A, not to that subsection. Right. 243.4A. Capital A. Rather than D. And neither of the sections contains an age restriction, correct? That's correct. But the only factual basis is what is alleged in the information, which contains an age, is that correct? Correct. Assuming that the defendant knew that and assuming the defendant admitted to that. But I think this would be a good case to explore the contours of Aguilamontes. And I think that the Court could say, irrespective of whether the defendant admitted the age, because there might be an ambiguity, and irrespective of the fact that there was a plea down from 288A, which clearly had an age element, to a charge which the statute does not require an age element, irrespective of those two other considerations or arguments, that this case is important to express clearly to the lower courts and to other panels what the important limitation in Aguilamontes is, because I think it's clear that Aguilamontes does not apply to this case because of the important limitation. And I think, Judge Bidey. What do you mean it doesn't apply? You're saying it does apply, but it fits on the other side of the line. It fits on the other side of the line from your perspective. Exactly. And Judge Bidey was very wise in Aguilamontes. I'm not trying to win points. We think he's just wise, but we don't know about Aguilamontes. Right. He was wise. You know, I don't agree with the decision. Yes. But, and I've made that clear. But he was wise to use a concrete example consistently throughout Aguilamontes about harmful contact, conduct, harmful contact and use of a gun. And the only way to understand the important limitation is if we talk about concrete examples. So in this case, if the defendant was at trial and sought to disprove that the victim was age 13 and sought to introduce birth certificates, sought to introduce maybe other forensic evidences to the age of the victim, the court would say this is irrelevant. I have no doubt about that. And if it did come up, I think that the court would issue a cautionary instruction to the jury saying this statute does not require an age element. And the court is, the jury is to disregard both any evidence that the prosecution has that the victim was age 13 and any evidence that the defendant has tried to introduce to disprove the age of the victim. May I ask you just a practical question? If you prevail in this argument, or would it be appropriate to remand to the board and then, as I understand it, the immigration judge had alternative holdings, correct? Correct. So your client would then have another mountain to climb, correct? That's correct. Okay. So the issue of 212H eligibility and whether it should be granted would have to be addressed by the board, because the board did not decide that issue. So my client would not necessarily be out of the woods by any ---- So you could lose the battle, you know, win the battle, lose the war proposition. Exactly. Exactly. All right. You're down on your time, but I'll give you time for rebuttal. You have 43 seconds, but I'm going to give you some usable time for rebuttal. Good evening. May it please the Court. Jennifer Keeney for the government. I want to clarify one thing. The statute of conviction upon which Petitioner was convicted was in 97, so the statute's actually changed since 97. If you look at the statute in 97, 243.4D1 was a straight misdemeanor, and the elements line up exactly, except for the 243.4A, to which he pled, also includes the element that it be, that the person be unlawfully restrained, in addition to being against the will. D required restraint? D required unlawful restraint, yes. Both required, I mean, I'm sorry, both required it be against the will. A required the additional element of unlawful restraint. This petition for review should be denied, because Petitioner's conviction for sexual battery involving a minor of the age of 13 constitutes an aggravated felony offense of sexual abuse of a minor, and so he's statutorily ineligible for a 212H waiver. The documents in this record establish that he pled to count 7 in the information as amended. The plea transcript, which Petitioner's counsel was referring to, the court asked, how do you plead to count 7 as amended? Petitioner's defense attorney was the one who characterized the agreement of the plea agreement, and he said, And it's my understanding people will move to amend the last count containing in the information as a straight misdemeanor, D1, to a felony. Is the fact of the date of birth in count 7, is that surplusage or is it necessary? We would argue that it's necessary for a number of reasons. First of all, as this Court pointed out in Aguila Montes, generally, if a fact is included in the charging document and it is admitted, then it is necessary and actually required. Under California law --- Go ahead. I'm not sure. What authority says that if it's stated there, it's admitted and necessary, even though there's no mention and possibly no relevance to the proposition in the statute? First of all, under California law, if there's an allegation, even if it's a non-element allegation in a charging document, and the defendant pleads to that charge, he is understood to have admitted that allegation. If this case had an information that said Jane Doe with blue eyes, birth date, and there was a clear admission, I could understand the argument that says, well, blue eyes is part of the package. But if the admission is not so clear and there is some uncertainty in the plea colloquy here, can we say that blue eyes is a necessary element of conviction? Well, I think blue eyes would be difficult, particularly with sexual abuse of a minor. But I think there's two answers to that. First of all, under California law, the defendant is understood to have admitted all the allegations. The plea transcript also has reference to a waiver of rights. So a lot of these suggestions of what may or may not have been read to him or what he may not have understood aren't contained in the full record of conviction. But moreover, I think the age of the victim is essential. If the theory of the case was that this victim was 13 years old, as we argued in our supplemental brief, it goes to the prosecutor's theory of whether this was against the will of the victim. Against the will of the victim is included both under D-1, which he was originally charged with, and A, which he pled to. So whether the – because the individual was under the age of consent and the California Supreme Court has recently, as of 2011, reaffirmed the presumption that where a minor is under the age of 14, it's presumed that they're not able to legally consent. Now, I'm not saying that it would necessarily absolutely establish that it was against the will, but it certainly would go to the theory of the case. And the – And you could have against the will in a more traditional physical fashion, too. Right. But it certainly would make it easier for the prosecutor to establish that it was against the will. So it makes sense that it would be in the charging document, putting the defendant on notice that that was part of the prosecution's theory of the case. But if you had a trial instead of a plea, and in a trial, and you have a conviction coming out of that, supposedly only the elements of the crime are cognizable. And here, you would almost expand it – you would basically expand it to anything in the information or other charging documents. So, in fact, in the plea situation, it would be not parallel. You'd be disadvantaged, right? Well, I think – I mean, Aguilamonte set forth the general proposition that if it's admitted in the plea, then it's – then it would be necessary and actually required. The important limitation is – goes to fairness, whether the defendant would be on notice that they would have an obligation or a reasonable opportunity to rebut an element. So if it was two lies, that may not be. But that doesn't really address my situation, where if he went to trial in order to be convicted, he would not need to be convicted on the age point, correct? Well, it might be an element that the jury would find to establish that it was against the will of the victim. And we might have a charging document that would include the age of the victim, and then we'd have jury instructions that included the age of the victim is establishing or going to against the will. So it would – Right. But if that were a factor, but it's not an element, then you don't know what the charge would be. You have a general verdict, and usually the jury says guilty or not guilty, check the box, sign the piece of paper at the bottom, and off you go. So I guess I'm just having some trouble kind of reconciling the jury trial context with the plea context that you have. So you're basically saying, well, if you admit the allegations in the pleading, then it doesn't really matter what the elements of the crime are. Well, that's what – I mean, Aguilamontes overruled Navarro-Lopez missing element rules. So the requirement that you're only looking at what the statute of conviction, the elements of the statute of conviction are, that's not the answer. It has to be something beyond that. Aguilamontes also talks about, again, if you admit the allegation of fact that's included in a Shepard-identified document, and as long as it's not unfair. The defendant was on notice and had a reasonable opportunity to rebut the fact, and that it isn't going behind the plea agreement, then it should – then it is – that it is something that can be relied on to determine that it meets the generic definition. I'm looking at the – I'm looking at the sentence, and notice that there's a condition here that says that he – that he may not possess sexually explicit materials or matter which depicts youth for the purposes of arousing prurient interest. Is that a standard – is that a standard condition in convictions under this that would apply to anybody, even if they – even if they had abused an adult? Or is that something that's unique to those who – This would probably be unique – I don't know the answer definitively for that, but there's two areas where it discusses minors. Minors may not be in the presence of children under the age of 16 or younger without a reasonable – or without a responsible adult present, and then also the additional requirement of not possessing explicit material of youth. But is that – and we have a lot of these standard conditions in Federal sex crimes that are similar to that, that don't really relate necessarily to whether you have a underage conviction. So I guess the answer is we don't know, correct? I don't know definitively whether this is a stock. I mean, I would assume it's not, because obviously sexual battery does not have to be against a minor, because it's not an element of the offense. I'm looking at the guillemontes, and I'm just trying to figure out the meaning and the application here of the part that requires that the facts be facts the conviction necessarily rested on. And what is it that causes you to say, if you do, that there is something here where the age of the victim is something that the conviction and or his sentence rested upon? Well, the language is – the modified categorical approach asks what facts the conviction necessarily rested on in light of the theory of the case as reflected or revealed by the relevant Shepard documents. So here we have the Shepard documents. We have the age of the victim. And there is a good reason why the prosecutor would include the age of the victim in the charging document to go to establishing, you know, the fact of the victim. But I'm more concerned about the defendant. I mean, if the charging document had something that was untrue, but the defendant is copying a plea, so he doesn't care what the proof requirement is. He's acknowledged they're going to convict me somehow. Is that a fact that the defendant would care about, or is that a fact that the defendant might shrug and say, well, they got the age wrong, so he was actually 15, but there's no point in me fighting it, so I'm not going to make a fuss out of it? And I think – is this that situation? Well, again, under – if you look at California law, under People v. West, they make clear that all the plea understandings have to be on the record. But beyond that, that when you plead to a charge account in a charging document, you're deemed admitted or understood to have admitted each of those elements. So you're on notice that anything that's in the allegations is something that, if it's not true or if there's reason to dispute it, you have the opportunity to do it at that time. What about the – if you would address counsel's argument that even if that's true, we don't have a very tidy record here. So we're not quite sure if you look at the record, you know, is there factual – is there a factual basis? Yes. I mean, that's it. So what are – how do we know what that refers to? Well, what the – what the general factual basis is, I think, is a separate question than whether he admitted the allegations in the charging document. There – this record is not complete. It has – as I mentioned before, there's a waiver of rights form, and that might include what the factual basis was tied to. This is a, you know, petitioner's burden of proof here. So these are documents that could have been presented that weren't. I want to briefly – I'm out of time, but I'm not – I just wanted to briefly mention about the – as charged in, under Vidal, they were – we were missing – the court was missing the plea transcript. It was unclear how you connected the charging document with the judgment. In addition, it was clear on the record that it was – the plea was pursuant to People v. West, which means that they're not admitting the factual basis of the plea. And we don't have that in this case. So that ambiguity isn't here. The as charged in isn't required. Thank you. Thank you. You may have two minutes for rebuttal. The same as we gave the counsel for the government. Thank you. I'd like to direct the Court's attention to page 937, the last sentence in the Aguila-Montes decision. And it refutes the assertion that if there's – if there's a Shepard document in this. This is the last page of the decision? The last – the last sentence on 937. And it says it is not enough that an indictment merely alleges a certain fact or that the defendant admit to a fact. The fact must be necessary in italics to convict – to convicting that defendant. So – so it's not enough that even if the defendant actually admitted the age of the minor as being 13. Why isn't the age critical, though, to identifying who the victim is? Okay. And the victim is certainly relevant to the kind of sentence that your client received. Yes. He has two conditions in that – in that sentence that relate to – to the kinds of people that he can associate with once he gets out – once he's on supervised release. Well, I have a couple of comments on that. First of all, the every incentive test is based on every incentive to disprove the fact if that will allow you to obtain an acquittal. That's where your words every incentive come up. And that's on page 938. There is no every – there is not such an incentive if it might just be a factor for sentencing. That's a collateral consequence. If it said Jane Doe, a woman of 55 years old, of 55 years, he might have had every incentive to say, you know something, whatever bad things I did, it wasn't that. And especially when you have a Jane Doe, we haven't identified somebody. We've identified somebody by an anonymous name. But again, it wouldn't – disproving the age, the date of birth of Jane Doe would not lead to an acquittal. Why wouldn't it go to the question that counsel mentions also of the question of against a will? Okay. It might, arguably. But that wouldn't – but it's – that's part of the daunting task of figuring out in a plea agreement what the prosecution's sole theory of the case is. In a jury trial with the proper jury instructions, it might be easier to figure out. Right. But that's why he had no contest because he didn't think it was – he didn't think they would have any difficulty proving that. Well, he might not have even known or been concerned about the age of the victim. But the – there's other – you know, if the information, for example, said that sexual battery occurred against Jane Doe, age 13, who was not able to consent, and therefore was against her consent because she was under the age of 14, then it would have clearly been – It would have been an expansion of the prosecutor's theory. And what you get is a fairly bare-bones thing. But you did get enough to know that the prosecutor was – thought he or she was prepared to show that your victim was only 13 years old. And that certainly was an important part of a theory of the case here. Well, it might not have been, but we don't know. Because, again, Judge Clifton indicated that it could have been one of the more conventional ways that you restrain a victim, maybe you hold them down. It could have been that the victim had been given a date rape drug. It could have been that the victim was unconscious. It could have been that the victim had Down syndrome and couldn't consent. Or it could have been, because of the age of the victim, she couldn't consent. But we don't know that that was the government's theory of the case. And certainly – Let me ask you, do you know whether – You wouldn't know – Let me ask you if there are Jane Doe victims who are adults under California law, or is there any – do you know if there's any statute that governs that? I don't know. Okay. But there could have been numerous reasons. And we're trying to find out if it was the sole prosecutor's – the sole reason of the prosecutor. And there's not enough evidence of that. I will say that this statute might – that the important limitation would not be a restriction if, for example, the generic offense was rape, which is an aggravated felony, just simple rape regardless of the age of the victim. That's also under the same 101A, 43A. And the complaint said that the sexual battery took place by rape of the victim. Then that would be similar to the hypothetical in Aguila Montes where there was harmful contact. How was the harmful contact made? If the complaint alleged a gun and the defendant pled guilty to it, then we can assume that the harmful contact was by a gun and that the prosecutor would have had to prove during the course of the prosecution how the harmful contact occurred here. The prosecutor would have had to prove how the sexual battery occurred. So if the word rape was in the complaint, it would match with the generic offense. There's going to be many cases where there isn't going to be an important limitation and more people will be ensnared by the modified categorical analysis. But this is not one of those cases. All right. Thank you. I'd like to thank both counsel for your argument this afternoon. The case of Sanchez-Avalos v. Holder is submitted and we're adjourned. Thank you.
judges: McKeown, Clifton, Bybee